**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BERTHOLD L.L.C.,<br>BERTHOLD TYPES LTD, and<br>BERTHOLD DIRECT CORP.,<br><br>    Plaintiffs,<br><br>    v.<br><br>VOLVO AB,<br>VOLVO GROUP NORTH AMERICA, LLC,<br>VOLVO CAR CORPORATION,<br>VOLVO CARS OF NORTH AMERICA, LLC,<br>VOLVO CONSTRUCTION EQUIPMENT<br>NORTH AMERICA, LLC,<br>VOLVO PENTA OF THE AMERICAS, LLC,<br>VOLVO FINANCIAL SERVICES, LLC,<br>VFS US, LLC, and<br>VOLVO CAR USA, LLC,<br><br>    Defendants. | Civil Action No. 17-CV-3735 |

## SECOND AMENDED COMPLAINT

Plaintiffs, BERTHOLD L.L.C., BERTHOLD TYPES LIMITED, and BERTHOLD DIRECT CORP. (collectively "Plaintiffs"), for their complaint against Defendants, VOLVO AB, VOLVO GROUP NORTH AMERICA, LLC, VOLVO CAR CORPORATION, VOLVO CARS OF NORTH AMERICA, LLC, VOLVO CONSTRUCTION EQUIPMENT NORTH AMERICA, LLC, VOLVO PENTA OF THE AMERICAS, LLC, VOLVO FINANCIAL SERVICES, LLC, VFS US, LLC, and VOLVO CAR USA, LLC (collectively "Defendants").

### Nature of the Action

1.      This is a civil action for copyright infringement, trademark infringement, unfair competition, and deceptive trade practices arising under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq*., the Lanham Act, 15 U.S.C. § 1051 *et seq*., the Illinois Uniform Deceptive

Trade Business Practices Act, 815 ILCS 510/1 *et seq*., and Illinois common law.

## Jurisdiction and Venue

2.      This Court has subject matter jurisdiction because (i) this is a civil action arising under the Copyright Laws of the United States, 17 U.S.C § 101 *et seq*., jurisdiction being conferred by 28 U.S.C. § 1338(a); (ii) this is a civil action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*., and involves state and common law claims of unfair competition, deceptive business practices, and unjust enrichment, joined with substantial and related claims under the Lanham Act, jurisdiction being conferred by 28 U.S.C. § 1338(a) and (b); and (iii) this is an action between citizens of a State and citizen of a different State and a citizen or subject of a foreign state, and in which the value of the matter in controversy exceeds $75,000, exclusive of interest and costs, jurisdiction being conferred by 28 U.S.C. § 1332(a)(2). The Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

3.      The Court has personal jurisdiction over the Defendants because they have purposefully directed their infringing activities at Illinois by distributing infringing font software and materials created using infringing font software to Volvo car dealers, Volvo truck dealers, and consumers in Illinois.

## The Parties

4.      Plaintiff Berthold L.L.C. ("Berthold LLC"), is an Illinois limited liability company with its principal place of business in Chicago, Illinois. Berthold LLC owns the copyrights in the font software at issue.

5.      Plaintiff Berthold Direct Corporation ("Berthold Direct") is an Illinois corporation with its principal place of business in Chicago, Illinois. Berthold Direct has been granted the exclusive right to license the copyrighted font software at issue.

6.     Plaintiff Berthold Types Limited ("Berthold Types"), is an Illinois corporation with its principal place of business in Chicago, Illinois.

7.     Berthold LLC, Berthold Types, and Berthold Direct are affiliated companies and may be referred to herein collectively as "Berthold" or "Plaintiffs."

8.     Defendant Volvo AB ("Volvo AB") is a Swedish corporation with its principal place of business in Gothenburg, Sweden. Volvo AB is a manufacturer of trucks, buses, construction equipment, and marine and industrial engines.

9.     Defendant Volvo Group North America, LLC ("Volvo GNA") is a Delaware limited liability company with its principal place of business in Greensboro, North Carolina. Volvo GNA is a wholly owned subsidiary of defendant Volvo AB.

10.     Defendant Volvo Construction Equipment North America, LLC ("Volvo CENA") is a Delaware limited liability company with its principal place of business in Shippensburg, Pennsylvania. Volvo CENA is a wholly owned subsidiary of Defendant Volvo AB.

11.     Defendant Volvo Penta of the Americas, LLC ("Volvo POA") is a Delaware limited liability company with its principal place of business in Chesapeake, Virginia. Volvo POA is a wholly owned subsidiary of Defendant Volvo AB.

12.     Defendant Volvo Financial Services, LLC ("Volvo FS") is a Delaware limited liability company with its principal place of business in Greensboro, North Carolina. Volvo FS is a wholly owned subsidiary of Defendant Volvo AB.

13.     Defendant VFS US, LLC is a Delaware limited liability company with its principal place of business in Greensboro, North Carolina. VFS US, LLC is a wholly owned subsidiary of Defendant Volvo AB.

14.     Defendants Volvo AB, Volvo GNA, Volvo CENA, Volvo POA, Volvo FS, and

VFS US, LLC are affiliated companies and may be referred to herein collectively as "Volvo AB Group."

15.     Defendant Volvo Car Corporation ("Volvo Car") is a Swedish corporation with its principal place of business in Gothenburg, Sweden. Volvo Car is a subsidiary of Zhejiang Geely Holding Group Co., Ltd. Volvo Car manufactures and distributes Volvo vehicles, parts, and accessories.

16.     Defendant Volvo Cars of North America, LLC ("VCNA"), is a Delaware limited liability company with its principal place of business in Rockleigh, New Jersey. VCNA is a wholly-owned subsidiary of defendant Volvo Car.

17.     Defendant Volvo Car USA, LLC ("Volvo Car USA"), is a Delaware limited liability company with its principal place of business in Rockleigh, New Jersey. Volvo Car USA is a wholly-owned subsidiary of Defendant VCNA which is a wholly-owned subsidiary of Volvo Car.

18.     Defendants Volvo Car, VCNA, and Volvo Car USA are affiliated companies and may be referred to herein collectively as the "Volvo Car Defendants."

### Facts

19.     Plaintiffs are a leading, independent type foundry.

20.     Since 1858, Plaintiffs have been in the business of marketing typefaces. H. Berthold AG, the original Berthold type foundry founded in Berlin, Germany, was known worldwide as an expert producer of high quality typefaces.

21.     Under the guidance of former artistic director and master typographer Günter Gerhard Lange, the Berthold foundry has developed one of today's leading type libraries in the world: the Berthold "Exklusiv" Collection.

22.     Plaintiffs offer, market, license, and distribute typeface font computer software programs through their website www.bertholdtypes.com and through their authorized resellers.

23.     Plaintiffs have marketed and distributed typeface font computer software programs under their well-known trademark Akzidenz-Grotesk in the United States and throughout the world.

24.     Akzidenz-Grotesk is Plaintiffs' most popular and successful typeface and represents an extremely valuable goodwill owned by Plaintiffs.

25.     Plaintiffs have spent hundreds of thousands of dollars advertising the Akzidenz-Grotesk trademark, protecting the trademark, and licensing goods bearing the trademark.

26.     Plaintiff Berthold Types owns U.S. Trademark Registration Serial Numbers: 4,517,846 (AKZIDENZ-GROTESK), 2,314,167 (AKZIDENZ-GROTESK), and 2,363,703 (BERTHOLD AKZIDENZ-GROTESK) registered in the United States Patent and Trademark Office for typeface font computer software programs in International Class 009 with showings of the registration certificates attached hereto as Exhibit A.

27.     Plaintiff Berthold Types's trademarks are valid and subsisting.

28.     Plaintiff Berthold LLC owns the U.S. Copyright Registrations for certain Akzidenz-Grotesk typeface font software programs in OpenType format first published in 2006 with Serial Numbers (collectively the "Akzidenz-Grotesk 2006 OT Pro Font Software"), Exhibit B:

(a) TX 6-380-799 (Akzidenz-Grotesk Pro Light);

(b) TX 6-380-794 (Akzidenz-Grotesk Pro Regular);

(c) TX 6-380-792 (Akzidenz-Grotesk Pro Medium);

(d) TX 6-380-796 (Akzidenz-Grotesk Pro Bold);

(e) TX 6-380-798 (Akzidenz-Grotesk Pro Super).

29.     Plaintiff Berthold LLC created the Akzidenz-Grotesk 2006 Pro Font Software as original works, completed and first published in 2006.

30.     Plaintiff Berthold LLC owns the U.S. Copyright Registrations for certain Akzidenz-Grotesk typeface font software programs in Type 1 format first published in 1997 with Serial Numbers (collectively the "Berthold Prepress 1997 T1 Font Software"), <u>Exhibit C</u>:

(a) TX 8-322-737 (Berthold Prepress 1997 T1 Light);

(b) TX 8-323-108 (Berthold Prepress 1997 T1 Regular);

(c) TX 8-323-111 (Berthold Prepress 1997 T1 Medium);

(d) TX 8-314-131 (Berthold Prepress 1997 T1 Bold);

(e) TX 8-314-130 (Berthold Prepress 1997 T1 Super).

31.     Plaintiff Berthold LLC acquired the Berthold Prepress 1997 T1 Font Software from the Freydank Körbis Pillich Talke GbR, Wolfgang Freydank, Helmut Körbis, Bernd Pillich, Wolfgang Talke (the "FKPT partnership") in 1997.

32.     Plaintiff Berthold LLC owns the U.S. Copyright Registrations for certain additional Akzidenz-Grotesk typeface font software programs in OpenType format first published in 2006 with Serial Numbers (collectively the "Additional Akzidenz-Grotesk Italics 2006 OT Pro Font Software"), <u>Exhibit D</u>:

(a) TX 6-380-800 (Akzidenz-Grotesk Pro Light Italic);

(b) TX 6-380-793 (Akzidenz-Grotesk Pro Regular Italic);

(c) TX 6-380-795 (Akzidenz-Grotesk Pro Medium Italic);

(d) TX 6-380-797 (Akzidenz-Grotesk Pro Bold Italic);

(e) TX 6-380-786 (Akzidenz-Grotesk Pro Super Italic).

33. Plaintiff Berthold LLC created the Additional Akzidenz-Grotesk Italics 2006 OT Pro Font Software as original works, completed and first published in 2006.

34. Plaintiff's copyrights are valid and subsisting.

35. In 1998, defendant Volvo AB purchased a worldwide, multi-user license (the "MUL") to use Adobe's version of Akzidenz-Grotesk software in Type 1 format first published in 1991 ("Akzidenz-Grotesk BE 1991 T1 Font Software") from Type USA, Inc., a Chicago-based "Original Equipment Manufacturer" distributor of Adobe font software.

36. Adobe's 1998 End User License Agreement (the "Adobe EULA") at the time governed defendant Volvo AB's use of the Akzidenz-Grotesk BE 1991 T1 Font Software.

37. Neither the Adobe EULA nor the MUL authorized or licensed use of Akzidenz-Grotesk 2006 OT Pro Font Software or the Berthold Prepress 1997 T1 Font Software.

38. In 2012, Defendants released Volvo Sans font software in Open Type format with extended character sets in light, regular, medium, bold, and super font weights ("Volvo Sans 2012 OT Pro Fonts" or "Volvo Sans 2012 OT Pro Font Software").

39. Prior to releasing the Volvo Sans 2012 OT Pro Font Software, Defendants created and used Volvo Sans font software in Type 1 format ("Volvo Sans Type 1 Fonts" or "Volvo Sans Type 1 Font Software").

40. In the *Volvo Guide to the Volvo Corporate Typefaces* dated August 20, 2012, Defendant Volvo claimed that its typefaces, including the Volvo Sans 2012 OT Pro Fonts, were "unique and have been specifically designed for their legibility and distinctiveness" and "unique to Volvo." A showing of the *Volvo Guide to Corporate Typefaces* is attached hereto as Exhibit E.

41. The *Volvo Guide to Corporate Typefaces* also stated "[p]lease note that Volvo Sans OT Pro" does not have any italic fonts.

42.     The Volvo Sans Type 1 Font Software complained of herein is a derivative of the Berthold Prepress 1997 T1 Font Software and not based on the Akzidenz-Grotesk BE 1991 Font Software.

43.     Similarly, the Volvo Sans 2012 OT Pro Font Software complained of herein is a derivative of the Berthold Prepress 1997 T1 Font Software and the Akzidenz-Grotesk 2006 OT Pro Font Software and not based on the Akzidenz-Grotesk BE 1991 Font Software.

44.     The Volvo Sans 2012 OT Pro Fonts contain a specific character known as the "onefitted" character. The "onefitted" character was unique to Berthold in the 1970s and was included in the Berthold PrePress 1997 T1 Font Software for compatibility with older documents. The "onefitted" character is not included in Adobe's Akzidenz-Grotesk BE 1991 T1 Font Software.

45.     In the Volvo Sans 2012 OT Pro Fonts, the "ellipses" character contains round periods while the single period character is square. That same mistake appears in the Berthold PrePress 1997 T1 Font Software but not in Adobe's Akzidenz-Grotesk BE 1991 T1 Font Software—where the periods in the "ellipses" character are square to match the single period character.

46.     The source code for the Volvo Sans 2012 OT Pro Font Software contains the Berthold copyright notice "COPYRIGHT BERTHOLD PrePress GmbH 1992-7 Alle Rechte vorbehalten." *See* Exhibit F. Plaintiffs acquired and own all of Berthold PrePress GmbH's copyrights in the Berthold PrePress 1997 T1 Font Software. This same copyright notice is contained in the source code for the Berthold PrePress 1997 T1 Font Software but not in the source code for Adobe's Akzidenz-Grotesk BE 1991 T1 Font Software.

47.     The source code for the Volvo Sans 2012 OT Pro Font Software contains Berthold's

unique Microsoft Vendor ID, BERT, which is the unique identifier assigned to Plaintiffs by Microsoft to identify the vendor of a particular piece of software. *See* <u>Exhibit G</u>. Microsoft Vendor IDs did not exist for Type 1 font software and, therefore, are not contained in either the Berthold PrePress 1997 T1 Font Software nor Adobe's Akzidenz-Grotesk BE 1991 T1 Font Software. However, the Akzidenz-Grotesk 2006 OT Pro Font Software contains Berthold's unique Microsoft Vendor ID, BERT.

48.     Defendants had access to the Berthold Prepress 1997 T1 Font Software and the Akzidenz-Grotesk 2006 OT Pro Font Software as demonstrated by the facts set forth in paragraphs 40-45 above which demonstrate that Defendants used the Berthold Prepress 1997 T1 Font Software and the Akzidenz-Grotesk 2006 OT Pro Font Software to create Volvo Sans 2012 OT Pro Fonts.

49.     Defendants created the Volvo Sans 2012 OT Pro Fonts by copying the source code of the Berthold Prepress 1997 T1 Font Software (including the Berthold copyright notification) and further copying source code from the Akzidenz-Grotesk 2006 OT Pro Font Software (including the unique Microsoft Vendor ID assigned to Plaintiffs) to extend the character set (e.g. set of letters and numbers) of the Berthold Prepress 1997 T1 Font Software to include Central European, Baltic, and Turkish language (letterform and accents) coverage.

50.     As a result of the copying, the Volvo Sans Type 1 Fonts are strikingly similar to Plaintiffs' Berthold Prepress 1997 T1 Font Software and the Volvo Sans 2012 OT Pro Fonts are strikingly similar to Plaintiffs' Berthold Prepress 1997 T1 Font Software and Akzidenz-Grotesk 2006 OT Pro Font Software.

51.     The creation of Volvo Sans 2012 OT Pro Fonts was without Plaintiffs' authorization.

52.     As such, the Volvo Sans 2012 OT Pro Fonts are unauthorized, derivative works of the Berthold Prepress 1997 T1 Font Software and the Akzidenz-Grotesk 2006 OT Pro Font Software.

53.     On October 29, 2001, the United States District Court for the Northern District of Illinois, Eastern Division, entered a judgment (the "Judgment") for Plaintiff Berthold Types, pursuant to which the Court enjoined the FKPT partnership, Klaus-Dieter Bartels, and Babylon Schrift Kontor GmbH and those acting in concert with them, permanently on a worldwide basis, from offering, distributing, or otherwise using all Berthold font software, including, but not limited to the Berthold Prepress 1997 T1 Font Software, and associated Berthold trademarks. Relevant language from Section 6 of the Judgment states:

> (c) Offering, soliciting, marketing, distributing, licensing or otherwise using digitized typeface designs (e.g. as software or any other form of data) for any Berthold typeface which currently, or in the past has been, marketed and/or offered as a Berthold typeface by Berthold Types Limited, H. Berthold AG, Berthold Types GmbH, Berthold Systeme GmbH, Berthold PrePress GmbH and/or Freydank Korbis Pillich Talke GbR.
>
> …
>
> (e) Offering, soliciting, marketing, distributing, licensing or otherwise using typefaces that are "Berthold Exklusivs" (typefaces that are exclusive to Berthold), regardless of whether such typefaces are offered, solicited, or marketed using the Berthold Trademarks.

54.     A copy of the Judgment is attached as <u>Exhibit H</u>.

55.     One purpose of the Judgment was to remove the Berthold Prepress 1997 T1 Font Software from the marketplace because it had been illegally associated with the copycat Berthold business described in the Judgment.

56.     The persons listed in Section 6 of the Judgment were, to Plaintiffs' knowledge, the only potential sources for the Berthold Prepress 1997 T1 Font Software. Upon information and

belief, Defendants obtained the Berthold Prepress 1997 T1 Font Software from one of the enjoined persons described in the Judgment.

57.     Prior to filing this lawsuit, Plaintiffs sent Defendants demand letters informing them of the allegations contained herein together with notice of the existence of, and a copy of, the Judgment, and Plaintiffs' belief that the Judgment was relevant to Defendants' infringing use of the Berthold Prepress 1997 T1 Font Software.

58.     Defendants have impermissibly distributed the Volvo Sans Type 1 and Volvo Sans 2012 OT Pro Font Software worldwide, including in Illinois, to thousands of Volvo dealers, affiliates, subsidiaries, and related companies, as well as to third parties.

59.     Defendants have embedded the Volvo Sans Type 1 Font Software into digital materials and disseminated those materials to individuals around the country including in Illinois. *See* Exhibit I.

60.     2012 OT Pro Font Software into numerous types of digital materials including videos, commercials, digital publishing, apps, and websites, Defendants have disseminated those digital materials to individuals around the country including in Illinois. Showings of which are attached hereto as Exhibit J.

61.     In 2014, the Volvo Car Defendants converted the Volvo Sans 2012 OT Pro Fonts into a format suitable for use as a webfont ("Volvo Sans OT Pro Webfonts").

62.      The Volvo Car Defendants provided access to the Volvo Sans OT Pro Webfonts to hundreds of Volvo dealerships via www.dealer.com including dealerships in Illinois. Volvo dealerships' websites use the Volvo Sans OT Pro Webfonts to advertise and sell vehicles to local consumers.

63.     Because the Volvo Sans 2012 OT Pro Fonts are unauthorized derivative works of

Plaintiffs' copyrighted font software, the Volvo Sans Pro Webfonts infringe the copyrights of the Akzidenz-Grotesk 2006 OT Pro Font Software and the Berthold Prepress 1997 T1 Font Software.

64.    Defendants had access to the Akzidenz-Grotesk 2006 OT Pro Font Software and the Additional Akzidenz-Grotesk Italics 2006 OT Pro Font Software because this software was used by Defendants in the manner set forth in paragraphs 64-65 below wherein Defendants, Volvo AB and/or Volvo GNA made exact copies of that software.

65.    In 2012, Defendant Volvo AB published the *Code of Conduct, Volvo Group* which embedded the Akzidenz-Grotesk 2006 OT Pro Font Software. *See* Exhibit K.

66.    In or around 2014, without any license from Plaintiffs, Defendants Volvo AB, and/or Volvo GNA began embedding the Akzidenz-Grotesk 2006 OT Pro Font Software (rather than Volvo Sans OT Pro Fonts) and the Additional Akzidenz-Grotesk Italics 2006 OT Pro Font Software into its e-magazine app called "Drivers Digest."

67.    Defendants Volvo AB and/or Volvo GNA also embedded the Akzidenz-Grotesk 2006 OT Pro Font Software and the Additional Akzidenz-Grotesk Italics 2006 OT Pro Font Software into each issue of the Drivers Digest magazine downloadable from the Driver Digest App.

68.    Defendants Volvo AB and/or Volvo GNA are disseminating the Drivers Digest app and Drivers Digest e-magazine worldwide to the public, as well as to Volvo truck dealers, affiliates, and subsidiaries, including those in Illinois. Showings of such materials are attached hereto as Exhibit L.

69.    In 2016, without any license from Plaintiff Berthold Direct Corp., Defendant Volvo AB began embedding the Volvo Sans 2012 OT Pro Font Software and the Additional Akzidenz-Grotesk Italics 2006 OT Pro Font Software into each issue of the Volvo Group Magazine and e-

magazine directly downloadable from their website www.volvogroup.com.

70.     Defendants are disseminating the Volvo Group Magazine worldwide, including in Illinois, to the public, as well as to Volvo employees, dealers, affiliates, and subsidiaries. Showings of such materials are attached hereto as Exhibit M.

## COUNT I
## Copyright Infringement

71.     Plaintiffs repeat and incorporate by this reference each and every allegation set forth in Paragraphs 1 through 70.

72.     Plaintiffs Berthold LLC and Berthold Direct are the sole owners and licensors of the Akzidenz-Grotesk 2006 OT Pro Font Software, the Berthold Prepress 1997 T1 Font Software, and the Additional Akzidenz-Grotesk Italics 2006 OT Pro Font Software.

73.     Defendants have created unauthorized derivative works called the Volvo Sans Type 1 Fonts, the Volvo Sans 2012 OT Pro Fonts, and the Volvo Sans OT Pro Webfonts from Plaintiffs' copyrighted Akzidenz-Grotesk 2006 OT Pro Font Software and Berthold Prepress 1997 T1 Font Software.

74.     Defendants are distributing the Volvo Sans Type 1 Fonts, the Volvo Sans 2012 OT Pro Fonts, and the Volvo Sans OT Pro Webfonts to the general public and/or a subset of the general public.

75.     Defendants Volvo AB Group also are distributing Plaintiffs' copyrighted Akzidenz-Grotesk 2006 OT Pro Font Software and Additional Akzidenz-Grotesk Italics 2006 OT Pro Font Software to the general public and/or a subset of the general public.

76.     Defendants have knowingly engaged in infringement of Plaintiffs' copyrights.

77.     Furthermore, Defendants' infringement has been willful within the meaning of the Copyright Act. In 2016, Plaintiffs notified Defendants regarding the infringement complained of

herein. Defendants, however, refused to cease their infringement. Defendants took the position that the MUL and Adobe EULA permitted them to create Volvo Sans 2012 OT Pro Font Software and engage in the myriad uses described herein even though the MUL and Adobe EULA govern use of completely different font software (i.e. the Akzidenz-Grotesk BE 1991 T1 Font Software).

78.     As a result of their wrongful conduct, Defendants are liable to Plaintiffs for copyright infringement under 17 U.S.C. § 501.

79.     Plaintiffs have suffered, and will continue to suffer, substantial losses, including, but not limited to, damages to its business reputation and goodwill.

80.     Plaintiffs are entitled to recover actual damages, which total approximately $1,500,000, and disgorgement of all profits Defendants have made as a result of their wrongful conduct under 17 U.S.C. § 504.

81.     Alternatively, Plaintiffs are entitled to statutory damages under 17 U.S.C. § 504(c).

82.     In addition, because Defendants' infringement has been willful, the award of statutory damages should be enhanced in accordance with 17 U.S.C. § 504(c)(2).

83.     Plaintiffs are also entitled to injunctive relief pursuant to 17 U.S.C. § 502 and to an order impounding any and all infringing materials pursuant to 17 U.S.C. § 503.

84.     Unless enjoined by this court, Defendants will continue to infringe such copyrighted work, thereby causing Plaintiffs immediate and irreparable damage for which Plaintiffs have no adequate remedy at law.

85.     Plaintiffs are also entitled to recover its attorneys' fees and costs of suit.

## COUNT II
## Unfair Competition under the Lanham Act

86.     Plaintiffs repeat and incorporate by this reference each and every allegation set forth in Paragraphs 1 through 70.

14

87. Defendants have taken Plaintiffs' Berthold Prepress T1 and Akzidenz-Grotesk 2006 OT Pro Font Software, removed Plaintiffs' mark and repackaged and distributed Plaintiffs' Font Software as Defendants' own Font Software under the names "Volvo Sans" for the Volvo Sans Type 1 Fonts, the Volvo Sans 2012 OT Pro Fonts, and Volvo Sans Pro Webfonts.

88. Defendants' conduct constitutes reverse passing off and the false designation of origin in violation of 15 U.S.C. § 1125(a).

89. Defendants' repackaging and distributing Plaintiffs' font software under a different name is unauthorized and likely to confuse and deceive consumers and potential consumers into believing that Defendants' Volvo Sans Type 1 Fonts, Volvo Sans 2012 OT Pro Fonts, and Volvo Sans Pro Webfonts are products of Defendants.

90. Defendants had knowledge of the falsity and deceptive nature of their complained of conduct.

91. Defendants have knowingly and intentionally engaged in such conduct with the intention to damage Plaintiffs' property and reputation.

92. By reason of Defendants' actions, Plaintiffs have been and will continue to be so damaged.

93. Plaintiffs are entitled to recover damages they have sustained and will continue to sustain, together with any gains, profits, and advantages obtained by Defendants as a result of their violations of the Lanham Act as alleged herein, as well as attorneys' fees.

94. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs, but is believed to be not less than $1,500,000.

95. Plaintiffs have no adequate remedy at law.

## COUNT III
## <u>Illinois Common Law Unfair Competition</u>

96.     Plaintiffs repeat and incorporate by this reference each and every allegation set forth in Paragraphs 1 through 70.

97.     Defendants' actions constitute unfair competition pursuant to the common law of the State of Illinois.

98.     Defendants have knowingly engaged in unfair competition with Plaintiffs with the intention to supplant the Akzidenz-Grotesk 2006 OT Pro Font Software and the Prepress 1997 T1 Font Software with Defendants' Volvo Sans Type 1 Fonts, Volvo Sans 2012 OT Pro Fonts, and Volvo Sans Pro Webfonts and otherwise damage Plaintiffs' property and reputation.

99.     Defendants' conduct as alleged above has damaged and will continue to damage Plaintiffs' goodwill and reputation and has resulted in losses to Plaintiffs and an illicit gain of profit to Defendants.

100.    At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs, but is believed to be not less than $1,500,000.

101.    Plaintiffs have no adequate remedy at law.

## COUNT IV
## <u>Violation of Illinois Uniform Deceptive Trade Practices Act</u>

102.    Plaintiffs repeat and incorporate by this reference each and every allegation set forth in Paragraphs 1 through 70.

103.    The acts, practices, and conduct of Defendants, as alleged above in this Complaint, are likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods of the font software Defendants distribute and constitute unfair and deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1

*et seq.*

104. Defendants' acts, practices, and conduct, as alleged above in this Complaint, have and are likely to damage Plaintiffs' business and their goodwill and reputation.

105. Defendants have willfully engaged in deceptive trade practices.

106. Defendants' acts, practices, and conduct, as alleged above, have resulted in losses to Plaintiffs and an illicit gain of profit to Defendants.

107. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs, but is believed to be not less than $1,500,000.

108. Plaintiffs have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

(1) The Court enter a judgment against Defendants that they have:

(a) willfully infringed Plaintiffs' rights in the federally registered copyrights TX 6-380-799 (Akzidenz-Grotesk pro light); TX 6-380-794 (Akzidenz-Grotesk pro regular); TX 6-380-792 (Akzidenz-Grotesk pro medium); TX 6-380-796 (Akzidenz-Grotesk pro bold); TX 6-380-798 (Akzidenz-Grotesk pro super); TX 8-322-737 (Prepress 1997 T1 light); TX 8-323-108 (Prepress 1997 T1 regular); TX 8-323-111 (Prepress 1997 T1 medium); TX 8-314-131 (Prepress 1997 T1 bold); TX 8-314-130 (Prepress 1997 T1 super); TX 6-380-800 (Akzidenz-Grotesk pro light italic); TX 6-380-793 (Akzidenz-Grotesk pro regular italic); TX 6-380-795 (Akzidenz-Grotesk pro medium italic); TX 6-380-797 (Akzidenz-Grotesk pro bold italic); and TX 6-380-786 (Akzidenz-Grotesk pro super italic), in violation of 17 U.S.C. § 501;

(b) engaged in unfair practices in violation of 15 U.S.C. § 1125(a);

(c)     engaged in deceptive trade practices in violation of the common law of the State of Illinois and 815 ILCS 510/1, *et seq*.; and

(d)     otherwise injured the business reputation and business of Plaintiffs by the acts and conduct set forth in this Complaint.

(2)     The Court issue preliminary and permanent injunctive relief against Defendants and their officers, agents, representatives, distributors, dealers, employees, attorneys, parent companies, subsidiaries, affiliates, successors, and assigns, and all others in active concert or participation with Defendants, enjoining them from:

(a)     imitating, copying, or making any other infringing use or infringing distribution of the computer programs and/or materials now or hereafter protected by the federally registered copyright registration nos.: TX 6-380-799 (Akzidenz-Grotesk pro light); TX 6-380-794 (Akzidenz-Grotesk pro regular); TX 6-380-792 (Akzidenz-Grotesk pro medium); TX 6-380-796 (Akzidenz-Grotesk pro bold); TX 6-380-798 (Akzidenz-Grotesk pro super); TX 8-322-737 (Prepress 1997 T1 light); TX 8-323-108 (Prepress 1997 T1 regular); TX 8-323-111 (Prepress 1997 T1 medium); TX 8-314-131 (Prepress 1997 T1 bold); TX 8-314-130 (Prepress 1997 T1 super); TX 6-380-800 (Akzidenz-Grotesk pro light italic); TX 6-380-793 (Akzidenz-Grotesk pro regular italic); TX 6-380-795 (Akzidenz-Grotesk pro medium italic); TX 6-380-797 (Akzidenz-Grotesk pro bold italic); and TX 6-380-786 (Akzidenz-Grotesk pro super italic);

(b)     imitating, copying, or making any other infringing use or infringing distribution of the computer programs and/or materials now or hereafter protected by Plaintiffs' trademarks, including but not limited to, federally registered trademark registration serial nos. 4,517,846 (AKZIDENZ-GROTESK), 2,314,167 (AKZIDENZ-

18

GROTESK), and 2,363,703 (BERTHOLD AKZIDENZ-GROTESK);

(c) manufacturing, assembling, producing, distributing, offering for distribution, circulating, selling, offering for sale, advertising, importing, promoting or displaying any computer program consisting of digitized typeface designs, component, or thing bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Plaintiffs' registered trademarks or copyrights, including but not limited to those listed in Section 2(a) and 2(b) above;

(d) engaging in any other activity constituting an infringement of any of Plaintiffs' trademarks and/or copyrights, or of Plaintiffs' rights in, or right to use or to exploit, these trademarks and/or copyrights;

(e) claiming that Defendants' Volvo Sans Type 1 Fonts, Volvo Sans 2012 OT Pro Fonts, or Volvo Sans Pro Webfonts are "unique" or "unique to Volvo"; and

(f) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a)-(e) above.

(3) The Court issue affirmative injunctive relief against Defendants that requires Defendants, within ten (10) days of entry of judgment, to:

(a) issue a press release stating that Defendants have forever ceased offering the Volvo Sans Type 1 Fonts, the Volvo Sans 2012 OT Pro Fonts, and Volvo Sans Pro Webfonts, and recognize Plaintiffs' ownership rights in the Akzidenz-Grotesk 2006 OT Pro Font Software, Prepress 1997 T1 Font Software, and Additional Akzidenz 2006 OT Pro Font Software;

(b) notify all dealers, affiliates, subsidiaries, and related companies that have received or have access to the Volvo Sans Type 1 Fonts, the Volvo Sans 2012 OT Pro

Fonts, or the Volvo Sans Pro Webfonts that they must immediately cease using the font software and webfonts and otherwise comply with the injunction order stated in Section (2) above, and supply such resellers with a copy of the press release described above;

(c)     send copies of the press release above to all dealers, affiliates, subsidiaries, and related companies that have received the Volvo Sans Type 1 Fonts, the Volvo Sans 2012 OT Pro Fonts, or the Volvo Sans Pro Webfonts; and

(d)     post the press release described above prominently on the home page of Defendants' websites for at least ninety (90) days.

(4)     The Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Plaintiffs, Defendants' illegal profits obtained from their distribution of the Volvo Sans Type 1 Fonts, the Volvo Sans 2012 OT Pro Fonts, and the Volvo Sans Pro Webfonts;

(5)     The Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all profits obtained from their marketing or distribution of counterfeit and infringing copies of Plaintiffs' Akzidenz-Grotesk 2006 OT Pro Font Software, Prepress 1997 T1 Font Software, or any colorable imitation thereof;

(6)     The Court order Defendants to pay Plaintiffs' general, special, actual, and statutory damages as follows:

(a)     Plaintiffs' damages and Defendants' profits pursuant to 17 U.S.C. § 504(b) or alternatively, enhanced statutory damages pursuant to 17 U.S.C. § 504(c)(2), for Defendants' willful infringement of Plaintiffs' copyrights;

(b)     Plaintiffs' damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), or alternatively, enhanced statutory

damages pursuant to 15 U.S.C. § 1117(c)(2), for Defendants' willful and deceptive trade practices;

(c)     Plaintiffs' damages and Defendants' profits pursuant to Illinois common law and 815 ILCS 510/1, *et seq.*; and

(d)     Plaintiffs' damages pursuant to the Judgment entered October 29, 2001 in the amount of $30,000 per day of Defendants' infringement.

(7)     The Court order Defendants to pay to Plaintiffs both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

(8)     The Court grant to Plaintiffs such other and additional relief as is just and proper.

Date: December 15, 2017                          Berthold LLC, *et al*.

                                                 By: /s/ Peter S. Lubin
                                                      One of their Attorneys

Peter S. Lubin                                   Frank Martinez
Andrew C. Murphy                                 The Martinez Group PLLC
DITOMMASO LUBIN AUSTERMUEHLE,                     55 Poplar Street, Suite 1-D
P.C.17W220 22nd St., Suite 410                    Brooklyn, NY 11201
Oakbrook Terrace, IL 60181                        (718) 797-2341
(630) 333-0000                                    fm@martinezgroup.com
psl@ditommasolaw.com

Melissa M. Hunt
Vice President & General Counsel
Berthold Types Limited
47 West Polk Street, Suite 100-340
Chicago, IL  60605
(386) 237-1685
Melissa_Hunt@bertholdtypes.com