UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BERTHOLD L.L.C., <br> BERTHOLD TYPES LTD, and <br> BERTHOLD DIRECT CORP., <br>                 *Plaintiffs*, <br> v. <br> VOLVO AB, <br> VOLVO GROUP NORTH AMERICA, LLC , <br> VOLVO CAR CORPORATION, <br> VOLVO CARS OF NORTH AMERICA, LLC <br> VOLVO CONSTRUCTION EQUIPMENT <br> NORTH AMERICA, LLC, <br> VFS US, LLC <br> VOLVO PENTA OF THE AMERICAS, LLC <br> VOLVO FINANCIAL SERVICES, LLC, and <br> VOLVO CAR USA, LLC, <br>                 *Defendants*. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. 1:17-cv-03735 <br><br> Hon. Thomas M. Durkin <br><br> **Jury Trial Demanded** |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT**

Defendants[1] move to dismiss Plaintiffs' Corrected Second Amended Complaint ("SAC")[2]—the fifth complaint filed in this case. Despite repeatedly pleading, Plaintiffs still fail to state an actionable claim against Defendants. Accordingly, Defendants respectfully submit this memorandum in support of their motion to dismiss for failure to state a claim under Rule 12(b)(6) or, alternatively, Rule 12(e) for a more definite statement.

## I. INTRODUCTION

This case concerns Defendants' alleged unauthorized incorporation of Plaintiffs'[3] font software source code into Defendants' own font software. Font software is the computer code that dictates the shape of letters on a screen. Typeface is the appearance of letters and is not protected under copyright law. Plaintiffs conflate the two and Plaintiffs' fifth attempt to plead copyright and derivative claims against Defendants fairs no better than their prior efforts.

To state a claim for infringement of font software, a plaintiff must allege facts showing (1) it owns a valid copyright; and (2) that the defendant copied the protected work – i.e., had access to the original protected work; and that the original work and the allegedly infringing work are "substantially similar." Plaintiffs fail to provide sufficient facts to plead any of these elements and the Court should dismiss the claim.

In addition to the copyright claim, Plaintiffs allege (1) unfair competition under the Lanham Act; (2) Illinois common law unfair competition; and (3) violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"). Despite Plaintiffs' efforts to salvage these

---

[1] Defendants include Aktiebolaget Volvo (publ) ("AB Volvo"); Volvo Group North America, LLC ("VGNA"); Volvo Car Corp., Volvo Cars of North America, LLC, and Volvo Car USA, LLC (collectively, "Volvo Cars"); Volvo Construction Equipment North America, LLC ("VCE"); Volvo Penta of the Americas, LLC ("Volvo Penta"); Volvo Financial Services, LLC and VFS US, LLC (collectively, "Volvo Financial"). AB Volvo, VGNA, Volvo Cars, VCE, Volvo Penta, and Volvo Financial collectively referred to as "Defendants."
[2] Dkt. No. 53.
[3] Berthold L.L.C., Berthold Types Ltd., and Berthold Direct Corp. collectively "Plaintiffs."

1

claims, it remains clear the claims are preempted. Counts II through IV merely restate Plaintiffs' copyright infringement allegations and point to different statutes or common law. The Copyright Act is the sole recourse for claims that lie within it and these repackaged copyright claims are subject to dismissal.

Lastly, Plaintiffs' allegations fall well short of the post-*Iqbal* Rule 8 test. Plaintiffs do not differentiate between Defendants, seamlessly adding parties without updating their allegations. Shotgun pleadings like this do not give Defendants fair notice of the claims alleged against them and the grounds upon which claims rest. The SAC should be dismissed for this reason as well.

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Plaintiffs filed a complaint on May 18, 2017 against four defendants, and filed an amended complaint naming three additional defendants on June 19, 2017.[4] Four days later Plaintiffs named an eighth defendant.[5] Defendants moved to dismiss for failure to state a claim and on the grounds the Court lacked personal jurisdiction as to AB Volvo and Volvo Car Corporation.[6] Plaintiffs then sought leave to file another amended complaint.[7] On November 28, 2017, in lieu of reaching the merits of Defendants' motion to dismiss for failure to state a claim, the Court denied it without prejudice, and granted Plaintiffs leave to file an amended complaint.

On December 15, 2017, Plaintiffs filed a second amended complaint adding a new defendant and asserting allegations aimed at rectifying their copyright claim.[8] The same day Plaintiffs filed a "corrected" pleading modifying certain factual allegations (the "SAC").[9]

---

[4] Dkt. No. 1 ("Compl.") and Dkt. No. 10, respectively.
[5] Dkt. No. 11.
[6] Dkt. Nos. 40, 44, 47.
[7] Dkt. No. 50.
[8] Dkt. No. 52.
[9] Dkt. No. 53. Plaintiffs have not yet served Volvo Cars of North America, LLC.

2

In the SAC, Plaintiffs contend they own fifteen valid copyrights on font software.[10] Plaintiffs allege Berthold LLC "acquired the Berthold Prepress 1997 T1 Font Software" from a German partnership "FKPT" in 1997.[11] Plaintiffs allege that Berthold LLC created two of the font software programs at issue in 2006.[12]

In 1998, Plaintiffs allege that defendant AB Volvo obtained a license from non-party Adobe to use Adobe's 1991 version of a particular font software.[13] Thereafter, Defendants "created and used" Volvo Sans Type 1 Font Software. Plaintiffs contend, however, that the Volvo Sans Type 1 Font Software is not based on Adobe's software. Rather Plaintiffs allege Volvo Sans is a derivative of Plaintiffs' Berthold Prepress Software.[14]

Plaintiffs allege that in 2012 Defendants collectively released the Volvo Sans 2012 OT Pro Font Software.[15] Plaintiffs claim that Defendants impermissibly created the 2012 OT Pro Software starting from Berthold Prepress Software and further used the AG Software without Plaintiffs' authorization.[16] In support of their allegation of copying, Plaintiffs allege for the first time that the Volvo Sans 2012 OT Pro includes characters with a visual appearance (i.e., not protected under copyright law) similar to those same characters' appearance in the typeface

---

[10] SAC ¶¶ 4-5, 26-33. Plaintiffs describe the copyrights as (1) Berthold Prepress 1997 T1 Font Software ("Berthold Prepress Software"); (2) Akzidenz-Grotesk 2006 OT Pro Font Software; and (3) additional Akzidenz-Grotesk 2006 OT Pro Font Software (two and three referred to collectively as "AG Software").

[11] The implication apparently being that Plaintiffs acquired from FKPT the five copyrights to the Berthold Prepress Software as well. SAC ¶ 31; *but see id*. ¶ 46 (suggesting copyright at least originally held by Berthold PrePress).

[12] *Id*. ¶¶ 29, 33.

[13] *Id*. ¶ 35.

[14] *Id*. ¶¶ 39, 42.

[15] *Id*. ¶ 38.

[16] *Id*. ¶¶ 42-43. Plaintiffs seem to concede that the Volvo Sans 2012 OT Pro Font Software would not infringe on their protected works if the Volvo Sans software is based on the 1991 Adobe software and license. *See* SAC ¶¶ 35-37, 42-46; *I.A.E., Inc. v. Shaver*, 74 F.3d 768, 775 (7th Cir. 1996) ("the existence of a license, exclusive or nonexclusive, creates an affirmative defense to a claim of copyright infringement).

3

produced from Plaintiffs' font software.[17] Plaintiffs also allege the source code for Volvo Sans includes a copyright notice for "Berthold PrePress GmbH 1992 Alle Rechte vorbehalten."[18] Although Berthold PrePress GmbH is not the entity from whom Plaintiffs claim to have acquired the Berthold Prepress Software (i.e., FKPT), Plaintiffs nevertheless claim they acquired Berthold PrePress GmbH's copyrights when they acquired the Berthold Prepress Software from FKPT.[19]

Plaintiffs do not allege facts regarding the creation of the Berthold Prepress Software, FKPT's acquisition of rights from Berthold PrePress GmbH, or how Plaintiffs acquired rights to any source code copyrights from FKPT. Nor do Plaintiffs allege how Defendants obtained access to any of Plaintiffs' three font software families. Plaintiffs instead cite a 2001 default judgment and injunction entered by the court in *Berthold Types Limited v. Freydank Korbis Pillich Talke Gbr, et al.* and conclude "[u]pon information and belief, [that] Defendants obtained the [source code] from one of the enjoined persons described in the Judgment."[20]

Plaintiffs further allege that in 2014, Volvo Cars created an unauthorized derivative work by converting the allegedly infringing Volvo Sans 2012 OT Pro Font into a Webfont.[21] Plaintiffs also raise allegations against AB Volvo and/or VGNA, claiming that those entities impermissibly embedded Plaintiffs' AG Software into company documents, e-magazine app, and website.[22] Plaintiffs allege that Defendants have distributed the infringing Volvo Sans 2012 OT Pro Font Software and Webfont to dealerships in Illinois and around the world.[23]

---

[17] *Id.* ¶¶ 44-45.
[18] *Id.* ¶ 46.
[19] *Id.*
[20] *Id.* ¶ 56.
[21] *Id.* ¶¶ 61-63.
[22] *Id.* ¶¶ 65-69.
[23] *Id.* ¶¶ 58, 62, 68, 70.

### III. LEGAL STANDARD

This motion tests the sufficiency of the complaint, not the merits of the case. *See Gibson v. City of Chicago,* 910 F.3d 1510, 1520 (7th Cir. 1990). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating the motion, the court accepts the complaint's well-pleaded factual allegations as true and draws reasonable inferences in the plaintiffs' favor. *Twombly*, 550 U.S. at 555-56.

Factual allegations must go beyond the "speculative level." *Cyber Websmith Inc. v. American Dental Ass'n*, 2010 WL 3075726, at *1 (N.D. Ill. Aug. 4, 2010) (citations omitted). Dismissal is proper if the complaint fails to allege an element necessary for relief. *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). The Rules do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, at 677.

### IV. PLAINTIFFS DO NOT STATE A CLAIM FOR COPYRIGHT INFRINGEMENT

Copyright law protects the expression of an idea and not the idea itself. *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 917 (7th Cir. 2007) (citations omitted). Applied here, it is the computer source code that comprises font software that may be protected, and not the appearance of the letters. 37 C.F.R. § 202.1(a), (e) (typeface not protectable under copyright law).

"A plaintiff alleging copyright infringement must establish two elements: '(1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original.'" *Janky v. Lake Cnty. Convention And Visitors Bureau*, 576 F.3d 356, 361 (7th Cir. 2009) (citations omitted). Copying, in turn, requires a "plaintiff show that the defendant had an actual opportunity to copy the original (this is because independent creation is a defense to copyright

5

infringement), and that the two works share enough unique features to give rise to a breach of the duty not to copy another's work." *Peters v. West,* 692 F.3d 629, 634 (7th Cir. 2012).

Despite the new allegations in the SAC, Plaintiffs still fail to allege a claim for of copyright infringement. First, Plaintiffs do not establish their ownership of the Berthold Prepress Software copyrights. Second, Plaintiffs fail to allege copying because they do not allege facts to permit a reasonable inference of Defendants' access to the font software families at issue.

### A. Plaintiffs Do Not Allege Ownership Of The Berthold Prepress Software

A certificate of copyright is "prima facie evidence" of its validity if obtained by the owner within five years of first publication. 17 U.S.C. § 410(c); *Feist Publications, Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991) (only original works entitled to copyright protection). Beyond the five-year window "the work falls outside the statutory presumption of Section 410(c) and the plaintiff has the burden of proving the validity of its copyright." *Johnson v. Cypress Hill*, 619 F.Supp.2d 537, 542 (N.D. Ill. 2008).

The five copyright registrations for the Berthold Prepress Software are not entitled to a presumption of validity.[24] Those registrations all carry a first publication date of August 1997—more than five years before the March 2017 effective date of the registrations.[25] *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir. 2013) (exhibits take precedence over conflicting allegations).[26] In an effort to allege ownership, Plaintiffs claim for the first time in the SAC that Berthold LLC "acquired" the Berthold Prepress Software—and by implication, the relevant

---

[24] Plaintiffs allege they hold valid copyright registrations on fifteen typeface font software programs and attach the registrations as Exhibits B, C, and D to the SAC. See SAC ¶¶ 28-34.
[25] SAC ¶ 30, at Exhibit C.
[26] Moreover, "Certificates of Registration from the U.S. Copyright Office are public records that the court may take judicial notice of without converting a Rule 12(b)(6) motion to a motion for summary judgment." *White v. Marshall*, 693 F.Supp.2d 873, 884 (E.D. Wis. 2009); *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F.Supp.2d 920, 924 (N.D. Ill. 2013) (taking judicial notice of registrations attached to motion to dismiss); *see also* Fed. R. Evid. 201.

6

copyrights—from FKPT, a German partnership.[27]

Plaintiffs, however, do not allege facts to permit a reasonable inference that FKPT held any rights which plausibly could have been assigned to Plaintiffs. Indeed, Plaintiffs confusingly suggest that an entity named Berthold PrePress GmbH owned the copyrights to the Berthold Prepress Software.[28] Plaintiffs do not allege any assignment from one German entity to the other in any event.

That is unsurprising. Under German law, copyrights are generally owned by the individual author, not a corporation, and <u>copyrights cannot be assigned</u> except by testamentary disposition. Fed. R. Civ. P. 44.1 (in determining foreign law, court may consider any relevant material or source); *see* Florian Potzlberger, LL.M., GOOGLE AND THE THUMBNAIL DILEMMA-"FAIR USE" IN GERMAN COPYRIGHT LAW?, 9 I/S: J.L. & Pol'y for Info. Soc'y 139, 157 & n.103 (2013) ("German law recognizes copyrights as naturally inherent to its creator. There is such a strong connection being formed between the author and the work that, although rights can be licensed, they cannot be fully transferred."); Reto M. Hilty & Alexander Peukert, "EQUITABLE REMUNERATION" IN COPYRIGHT LAW: THE AMENDED GERMAN COPYRIGHT ACT AS A TRAP FOR THE ENTERTAINMENT INDUSTRY IN THE U.S.?, 22 Cardozo Arts & Ent. L.J. 401, 407-08 (2004) ("German [Copyright Act] does not permit a transfer of ownership" and any licensed "rights revert to the author upon termination") (citing German Law on Copyright and Neighboring Rights (Copyright Act), v. 9.9.1965 (BGBl. I S.1273) (rev. Sept. 10, 2003) at § 29). Accordingly, FKPT could not have acquired any copyrights from Berthold PrePress GmbH.

In any event, documents filed in the public record indicate that no assignment of font

---

[27] SAC ¶ 31; *but see id.* ¶ 46. FKPT was also the subject of the 2001 default judgment Plaintiffs point to as the source of Defendants' access to the font software. *Id.* ¶¶ 53-55.
[28] *Id.* ¶ 46.

7

software copyrights from FKPT to Plaintiffs exists. Fed. R. Evid. 201 (court may take judicial notice of facts not subject to reasonable dispute and capable of ready determination); *United States v. Woods*, 925 F.2d 1580, 1582 (7th Cir. 1991) (matters in public record subject to judicial notice). FKPT and Plaintiffs have a lengthy litigation history over intellectual property and contract rights. *See generally Berthold Types Ltd v. FKPT*, N.D. Ill., Case No. 1:98-cv-05428 (including FKPT cross claims against Berthold Types Ltd.); *Adobe v. Berthold Types Ltd. and FKPT*, N.D. Cal., Case No. 99-cv-21173JF; *Adobe v. FKPT and Berthold Types Ltd.*, N.D. Ill., Case No. 1:00-cv-04965 (including Berthold Types Ltd. cross claims against FKPT; default judgment entered against FKPT). Both parties have filed a number of documents with the courts in support of their respective claims of ownership. None of the records can reasonably be construed to assign the copyrights at issue to Plaintiffs. *See ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 322 F.3d 928, 931 (7th Cir. 2003) (writing assigning rights need not expressly use the word "copyright" in describing transferred assets, but it must use language that "clearly includes copyrights").

- On August 12, 1997, FKPT and an entity known as E Fonts LLC entered into an Agreement authorizing Harvey Hunt to form Berthold Types Limited for the purpose of obtaining and maintaining trademark registrations on typeface names in the United States and the United Kingdom. The subject trademarks are referenced in Exhibit C to the Agreement. The Agreement does not address any font software copyrights.[29]
- On April 16, 1998, FKPT and plaintiff Berthold Types Limited entered into a Trademark License Agreement, with an effective date of October 1, 1997. The Agreement granted FKPT the right to use the Licensed Trademarks (i.e. typeface names) in connection with its distribution of certain font software. The subject

---

[29] Case No. 98-cv-05428, Dkt. 25 (Berthold's Proposed TAC) at Exhibit 1 (Aug. 12, 1997 Agreement with Amendments). FKPT alleged that this agreement was terminated and that all rights reverted to FKPT. *See Id.*, Dkt. 20 (FKPT's Answer and Affirmative Defenses to SAC and Cross-Claims) at p. 15 ("[Berthold's] claims are barred . . . by the termination of a written contract dated August 12, 1997, including amendments [and] as a consequence of such termination, ownership of the Berthold Registered Trademarks reverted to FKPT").

8

- trademarks are referenced in Exhibit A to the Agreement. The Agreement does not address any font software copyrights.[30]

- Less than six months after execution of the Trademark License Agreement above, Berthold Types Limited filed suit against FKPT alleging breach of the Agreement. *Berthold Types Ltd v. FKPT*. N.D. Ill, Case No. 1:98-cv-05428. That suit resolved by a Settlement Agreement dated June 18, 1999. The Settlement Agreement resolved the parties' respective rights to use the subject trademarks and typeface designs. The Settlement Agreement did not identify or assign any font software copyrights to Berthold.[31]

- In October 2001, Berthold Types Limited obtained a default judgment on its cross-claims against FKPT in an action initiated by Adobe. The default judgment prohibited FKPT from offering, soliciting, marketing, distributing, licensing or otherwise using a number of typefaces set out in schedules to the judgment.[32]

For all these reasons, Plaintiffs do not carry their burden to plausibly allege ownership of the Berthold Prepress Software copyrights.

### B. Plaintiffs Do Not Allege Any Facts Demonstrating Defendants Access To The Font Software At Issue

To establish copying, a plaintiff must first show that the defendants had the opportunity or access to copy the original. *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 755, 761 (7th Cir. 2016) (citations omitted). Access must exist by "a reasonable possibility—not a bare possibility." 4 Nimmer on Copyright § 13.02 [A] (2013); *see Muhammad-Ali*, 832 F.3d at 761. Plaintiffs do not plead facts to support such a reasonable possibility, and for that reason cannot allege copying.

Plaintiffs allege that "Defendants" impermissibly created the Volvo Sans font software based on Plaintiffs' Berthold Prepress Software and AG Software.[33] Plaintiffs are vague as to where or how Defendants obtained access to the original works. Plaintiffs point to the 2001

---

[30] *Id.* at Exhibit 2 (Trademark License Agreement dated April 16, 1998 (effective Oct. 1, 1997)).
[31] *Id.*, Dkt. No. 38 (Stipulated Judgment); *see also Adobe v. FKPT and Berthold Types Limited, N.D. Ill.*, N.D. Ill., Case No. 1:00-cv-04965, Dkt. No. 112 (Complaint) at Exhibit B (Settlement Agreement dated June 18, 1999 in Case No. 98-cv-5428).
[32] It is worth noting that the Berthold Prepress 1997 Font is not among those typefaces listed in the Schedules to the default judgment.
[33] SAC ¶ 49.

9

default judgment and conclude "[u]pon information and belief, [that] Defendants obtained the Berthold Prepress 1997 T1 Font Software from one of the enjoined persons described in the Judgment."[34] Plaintiffs offer no theory as to how Defendants gained access to the AG Software. Instead, Plaintiffs circularly conclude that Defendants must have obtained access because the source code for Volvo Sans allegedly contains a copyright notice in favor of Berthold PrePress GmbH—not Plaintiffs and not the supposed assignor FKPT—and contains Plaintiffs' "unique Microsoft Vendor ID" "BERT."[35]

Plaintiffs do not establish a plausible connection between the enjoined parties and any Defendant from which the Court may infer access and an opportunity to copy. *Le Moine v. Combined Commc'ns Corp.*, 1996 WL 332688, at *4 (N.D. Ill. June 13, 1996) ("Where there is a 'close relationship' or 'nexus' between the alleged copier and the individual possessing knowledge of the creator's work, a reasonable probability of access may be inferred by the trier of fact."). No Defendant here was a party to the earlier case and the font software code was not in the record. *Francescatti v. Germanotta,* 2014 WL 2767231, at *3 (N.D. Ill. June 17, 2014) (inference of access "may not be based on mere conjecture or speculation."). Furthermore, the default judgment on which Plaintiffs rely was entered five years before the 2006 claimed first use of the AG Software.[36] Plaintiffs allege no theory at all as to how Defendants obtained access to the AG Software. Plaintiffs fail to plead facts sufficient to show an opportunity to copy and therefore fail to state a claim for infringement.

---

[34] *Id.* ¶ 56; *see Adobe v. FKPT and Berthold Types Ltd.*, N.D. Ill. Case No. 1:00-cv-04965, Dkt. No. 79 (Oct. 29, 2001). The default judgment came on the cross-claim filed by Berthold Types Ltd. against FKPT.
[35] *Id.* ¶¶ 46-47.
[36] *See* SAC, Exs. B, D (all 10 AG Software registrations reflect 2006 creation and publication date.

### V.  COUNTS II, III, AND IV ARE PREEMPTED, FAIL TO STATE A CLAIM, AND SHOULD BE DISMISSED

The Copyright Act is the exclusive remedy for copyright infringement and preempts state claims based on the same facts. 17 U.S.C. § 301(a) (2012) ("[A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title."). State "law must regulate conduct that is qualitatively distinguishable from that governed by federal copyright law – i.e., conduct other than reproduction, adaptation, publication, performance, and display." *Cyber Websmith*, 2010 WL 3075726, at *2 (citations omitted).

The Seventh Circuit applies a two-prong test to determine if a claim is preempted : (1) "whether the work at issue is 'fixed' and within the subject matter of the copyrights" and (2) "whether the rights claimed are equivalent to the exclusive rights or the lack of such rights as determined by § 106 of the Copyright Act." *Id.* (citation omitted).[37] "A right is equivalent if it mirrors the rights set forth in § 106 or, even though it may require additional elements to make out a cause of action, such additional elements do not differ in kind from those necessary for copyright infringement." *Id.* (citations omitted).

For purposes of this motion, Defendants do not dispute the first prong of the test. The issue is whether Counts II through IV are equivalent to the rights delineated in the Copyright Act and preempted. *Comrie v. IPSCO Inc.*, 2008 WL 5220301, at *2 (N.D. Ill. Dec. 10, 2008).

#### A.  Count II is Preempted by the Copyright Act

Plaintiffs allege that Defendants removed Plaintiffs' mark from the Berthold Prepress and AG Software "and repackaged and distributed Plaintiffs' Font Software as Defendants' own Font

---

[37] The following exclusive rights are relevant: (1) to reproduce the copyrighted work; (2) to prepare derivative works based upon the copyrighted work; (3) to distribute copies of the copyrighted work to the public. 17 U.S.C. § 106(1)-(3).

11

Software under the name[] 'Volvo Sans'".[38] Plaintiffs allege this constitutes reverse passing off and the false designation of origin" in violation of the Lanham Act.[39]

This is a repackaged copyright infringement claim. Plaintiffs allege earlier in the SAC that the Accused Works are unauthorized derivative works of Plaintiffs' copyrighted works.[40] The right to prepare and distribute copyrighted works and derivative works falls exclusively under 17 U.S.C. § 106. Therefore, the allegations in Count II are equivalent to the rights delineated in the Copyright Act and should be dismissed for that reason alone. *Cyber Websmith, Inc.*, 2010 WL 3075726, at *2-3.[41]

Plaintiffs' allegations of misrepresentation are not enough to avoid preemption. *Id.* at *3. Consumer confusion and deception are "inherently present in any copyright action and are therefore not considered extra elements that qualitatively alter the nature of a claim where they are asserted." *Id*. (citations omitted). "In reverse passing off claims, courts have held that an allegation of misrepresentation based solely on an alleged infringer's act of displaying, selling, or promoting the infringing work as his or her own creation does not qualitatively alter the nature of the infringement action enough to remove the state claim from the preemptive reach of § 301(a)." *Lacour v. Time Warner, Inc.*, 2000 WL 688946, at *7 (N.D. Ill. May 24, 2000). Here,

---

[38] SAC at ¶ 87. Plaintiffs' latest complaint merely revised the wording of this allegation to include the allegation that Defendants "removed Plaintiffs' mark and repackaged" the Font Software. *See* Exhibit 1 at ¶ 87. This does not change the analysis and Plaintiffs' Count II is still preempted.
[39] SAC at ¶ 88.
[40] *See* SAC at ¶¶ 52, 63, 73.
[41] Courts have consistently held that a plaintiff cannot merely repeat its copyright allegations as Lanham Act, unfair competition, or IUDTPA claims: *See Natkin v. Wirifrey*, 111 F.Supp.2d 1003, 1013-14 (N.D. Ill. 2000) (Copyright Act preempted claims under the Lanham Act, Illinois Consumer Fraud and Deceptive Business Practices Act, and IUDTPA); *Lacour v. Time Warner, Inc.* 2000 WL 688946, *4-5 (N.D. Ill. May 24, 2000) (finding Lanham Act claims and other claims grounded in "unfair competition" were repetitive of Copyright Act claims and must be dismissed); *Goes Lithography Co. v. Banta Corp.*, 26 F.Supp.2d 1042, 1045-48 (N.D. Ill. 1998).

12

there is no discernible difference between Count II and Plaintiffs' copyright claim. Count II should be dismissed as preempted by the Copyright Act.

### B. Even if not Preempted, Plaintiffs' Lanham Act Claim Fails and Should Be Dismissed

"The Lanham Act imposes liability against a party for any 'false designation of origin . . . likely to cause confusion . . . as to the origin . . . of his goods.'" *Bob Creeden & Assoc. v. Infosoft, Inc.*, 326 F. Supp. 2d 876, 878 (N.D. Ill. 2004). Accepting Plaintiffs' allegations as true, there is no issue here regarding false designation of origin.[42] The Accused Works are derivative works allegedly created by Defendants, not Plaintiffs.[43] Plaintiffs' further allege that Defendants' distribution of the Accused Works under the names " 'Volvo Sans' for the Volvo Sans Type 1 Fonts, the Volvo Sans 2012 OT Pro Fonts and Volvo Sans Pro Webfonts" is "likely to confuse and deceive consumers and potential consumers into believing that [the Accused Works] are products of Defendants."[44] But Plaintiffs acknowledge that the Accused Works are products of Defendants.[45] As such, there can be no deception. *Id*. at 878-80.

The term "origin of goods" in the Lanham Act refers to the producer of the tangible goods, not to the author of any idea, concept, or communication embodied in those goods. *Creeden & Assoc.*, 326 F.Supp. at 878-80 (citing *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 32 (2003)). The "tangible goods" at issue in *Dastar* and *Creeden* are similar to that at issue in Count II—the Accused Works created by Defendants that allegedly derived from Plaintiffs' protected works. Under *Dastar* and accepting Plaintiffs' allegations as true,

---

[42] *See* SAC at ¶ 52 ("As such, the Volvo Sans Type 1 and Volvo Sans 2012 OT Pro Fonts are unauthorized, derivative works . . ."), ¶ 61 ("In 2014, the Volvo Car Defendants converted the Volvo Sans 2012 OT Pro Fonts into a format suitable for use as a webfont ("Volvo Sans OT Pro Webfonts")").
[43] SAC at ¶ 87.
[44] SAC at ¶¶ 87, 88.
[45] *See e.g.*, SAC at ¶¶ 38, 49, 52, 61, and 63.

13

Defendants are the origin of the Accused Works, not Plaintiffs, and therefore Plaintiffs cannot prevail on their Lanham Act claim. *Id.*

### C.  Counts III and IV Fail for the Same Reasons as Count II

Count III, for common law unfair competition, and Count IV, for alleged violations of the IUDTPA,[46] are based on Defendants' alleged distribution of the Accused Works. In Count III, Plaintiffs allege that "Defendants have knowingly engaged in unfair competition with the Plaintiffs with the intention to supplant [Plaintiffs' works] with Defendants' [Accused Works].[47] Similarly, in Count IV, Plaintiffs allege that Defendants' acts "are likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods of the font software Defendants distribute . . . ."[48] Because these two counts are based upon Defendants' alleged distribution of the Accused Works—copyright infringement—they are preempted by the Copyright Act, as discussed above at Section V.A. *See* Note 41 .

Even if not preempted, Counts III and IV also fail for the same reason as Count II above. Illinois courts resolve unfair competition and deceptive practices claims "according to the principles set forth in the Lanham Act." *Creeden & Assoc.*, 326 F.Supp.2d at 880 (citation omitted). Accordingly, Counts III and IV must "rise and fall based on the Lanham Act claim" in Count II because the legal inquiry is the same. *Id*. Because Plaintiffs fail to state a claim under the Lanham Act, their unfair competition and IUDTPA claims fail as well.

## VI. PLAINTIFFS' ENTIRE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

Plaintiffs' vague and conclusory allegations against Defendants fall well short of the post-*Iqbal* Rule 8 test. *See Iqbal,* 556 U.S. 662, at 678. Despite five rounds of pleadings, new

---

[46] SAC at ¶¶ 97, 103.
[47] SAC at ¶ 98.
[48] SAC at ¶ 103.

14

parties, and a motion to dismiss, Plaintiffs continue to assert allegations generally against all Defendants.[49] This type of pleading "does not afford adequate notice to each of the Defendants of the claims against them or allow them to respond appropriately, and it detracts from the plausibility of Plaintiffs' claims." *Arvegenix, LLC v. Seth*, 2014 WL 1698374, at *3 (C.D. Ill. Apr. 29, 2014)  The occasional grouping of multiple or all Defendants may be fine in some contexts, but the allegations must adequately indicate which Defendants are responsible for or liable for which conduct." *Id*. Plaintiffs' failure is even more significant here where, as Defendants have previously advised, each defendant is a distinct legal entity and the Volvo Cars defendants have no corporate relation to the other defendants.

Thus, in the alternative to dismissal, Defendants request that the Court order a more definite statement pursuant to Rule 12(e), requiring Plaintiffs to provide sufficient detail as to the conduct of the parties and assert specific allegations that would allow Defendants to respond.

## VII. CONCLUSION

For the reasons stated above, Defendants respectfully requests that this Court enter an order dismissing Plaintiffs' Corrected Second Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  January 17, 2018		Respectfully submitted,

		*/s/ Steven E. Jedlinski*
		Steven E. Jedlinski
		Anthony J. Fuga
		HOLLAND & KNIGHT LLP
		131 South Dearborn Street

---

[49] *See* Dkt. Nos. 1, 10, 11, and 53 respectively. A redline of the FAC and the SAC is attached hereto as Exhibit 1.

parties, and a motion to dismiss, Plaintiffs continue to assert allegations generally against all Defendants.[49] This type of pleading "does not afford adequate notice to each of the Defendants of the claims against them or allow them to respond appropriately, and it detracts from the plausibility of Plaintiffs' claims." *Arvegenix, LLC v. Seth*, 2014 WL 1698374, at *3 (C.D. Ill. Apr. 29, 2014)  The occasional grouping of multiple or all Defendants may be fine in some contexts, but the allegations must adequately indicate which Defendants are responsible for or liable for which conduct." *Id*. Plaintiffs' failure is even more significant here where, as Defendants have previously advised, each defendant is a distinct legal entity and the Volvo Cars defendants have no corporate relation to the other defendants.

Thus, in the alternative to dismissal, Defendants request that the Court order a more definite statement pursuant to Rule 12(e), requiring Plaintiffs to provide sufficient detail as to the conduct of the parties and assert specific allegations that would allow Defendants to respond.

## VII. CONCLUSION

For the reasons stated above, Defendants respectfully requests that this Court enter an order dismissing Plaintiffs' Corrected Second Amended Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated:  January 17, 2018		Respectfully submitted,

		*/s/ Steven E. Jedlinski*
		Steven E. Jedlinski
		Anthony J. Fuga
		HOLLAND & KNIGHT LLP
		131 South Dearborn Street

---

[49] *See* Dkt. Nos. 1, 10, 11, and 53 respectively. A redline of the FAC and the SAC is attached hereto as Exhibit 1.

        30th floor
        Chicago, IL 60603
        Tel: (312) 263-3600
        Fax: (312) 578-6666
        steven.jedlinski@hklaw.com
        anthony.fuga@hklaw.com

*Attorneys for Defendant AB Volvo, Volvo Group North America LLC, Volvo Construction Equipment North America, LLC, VFS US, LLC, Volvo Penta Of The Americas, LLC, and Volvo Financial Services, LLC*

Date: January 17, 2018

        */s/ James T. Hultquist*
        James T. Hultquist
        REED SMITH LLP
        10 South Wacker Drive, 40th Floor
        Chicago, IL 60606-7507
        Ph. (312) 207-1000
        Fax (312) 207-6400
        *JHultquist@ReedSmith.com*

        Robert N. Phillips
        Doyle B. Johnson
        Ashley L. Shively
        REED SMITH LLP
        101 Second Street, Suite 1800
        San Francisco, CA 94105
        Ph. (415) 543-8700
        Fax (415) 391-8269

*Attorneys for Defendants Volvo Car Corporation and Volvo Car USA, LLC*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on January 17, 2018, a true and correct copy of **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' CORRECTED SECOND AMENDED COMPLAINT** was electronically filed using the CM/ECF system which will send notification of such filing to the following counsel of record:

Peter S. Lubin (psl@ditommasolaw.com)
Melissa M. Hunt (Melisa_Hunt@bertholdtypes.com)
Frank Martinez (fm@martinezgroup.com)
Andrew C. Murphy (amurphy@ditommasolaw.com)
Patrick D. Austermuehle (paustermuehle@ditommasolaw.com)
Vincent L. DiTommaso (vdt@ditommasolaw.com)

*/s/ Steven E. Jedlinski*
Steven E. Jedlinski